UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN THOMAS BRALY JUNIOR,                          Case No. 2:20-cv-01337-AA

        Plaintiff,                                ORDER OF DISMISSAL

       v.

T.R.C.I. Physical Plant Manager STARK;
T.R.C.I. Physical Plant Assistant Manager
DARCY; T.R.C.I. Superintendent T. BLEWETT;
T.R.C.I. Grievance Coordinator MS. EYNON;
T.R.C.I. Assistant Grievance Coordinator ROSSI;
T.R.C.I. Operations Captain RUMSEY;
sued in their individual and or official capacity
as appropriate,

        Defendants.

_____

AIKEN, District Judge:

      Plaintiff, an inmate at the Two Rivers Correctional Institution (TRCI), filed a Complaint

pursuant to 42 U.S.C. § 1983 and alleged federal and state law claims arising from the alleged

presence of mold at TRCI and his related complaints. Plaintiff's Complaint failed to allege a

cognizable claim for relief, and he was allowed the opportunity to amend his allegations.

Plaintiff's Amended Complaint fails to cure the deficiencies noted by the Court, and this action

is dismissed.

1   - ORDER OF DISMISSAL

DISCUSSION

Plaintiff reasserts his Eighth Amendment claim arising from the alleged presence of mold in TRCI showers. Plaintiff was advised that his original Complaint failed to allege sufficient facts supporting § 1983 liability with respect to any of the defendants. Plaintiff's Amended Complaint includes no additional factual allegations to support his Eighth Amendment claims; he merely repeats the same factual allegations included in his original Complaint and substitutes the names of individual defendants for "ODOC." These allegations remain deficient.

Plaintiff does not allege 1) a "sufficiently serious" constitutional deprivation or 2) facts plausibly suggesting that defendants were aware of the risk to plaintiff's health or safety and deliberately disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009). At most, plaintiff alleges that defendants were negligent when addressing the presence of mold, and negligence cannot sustain a claim under the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (mere negligence does not give rise to an Eighth Amendment violation).

Plaintiff's Amended Complaint adds factual allegations related to his First and Fourteenth Amendment claims challenging the Oregon Department of Corrections (ODOC) grievance procedure. However, as plaintiff was advised, "prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. Appx. 616, 617 (9th Cir. 2016) (citation omitted); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure). Plaintiff alleges no facts plausibly suggesting that he was deprived a liberty or property interest in violation of the Fourteenth Amendment.

Plaintiff's Amended Complaint reasserts negligence claims under the Oregon Tort Claims Act (OTCA) against individual defendants rather than against ODOC. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff cannot assert OTCA claims against ODOC or ODOC officials in federal court. *See Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court.").

Plaintiff also alleges state law claims under Or. Rev. Stat. § 124.100, et seq. for abuse of a vulnerable person. However, plaintiff's sole cause of action for an alleged tort committed by ODOC officers or employees acting within the scope of their employment or duties, as alleged here, is an OTCA action against ODOC. *See* Or. Rev. Stat. § 30.265(3). As noted above, ODOC is immune from suit under the OTCA in federal court.

Finally, plaintiff purports to bring a claim under the Americans With Disabilities Act (ADA). To sustain an ADA claim, plaintiff must show: 1) he is a "qualified individual with a disability;" and 2) he was either excluded from participation in or denied the benefits of prison services, programs, or activities; 3) because of his disability. 42 U.S.C. § 12132; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Plaintiff alleges the presence of toxic mold; he alleges no facts plausibly suggesting he was denied benefits or services because of a disability.

Plaintiff was allowed to amend his Complaint, and his amended allegations fail to state a cognizable claim under § 1983. Given the facts alleged, I find that further amendment would be futile.

3    - ORDER OF DISMISSAL

CONCLUSION

Plaintiff's Amended Complaint fails to state a claim for relief under § 1983 or the ADA,

and his state law claims are barred by Eleventh Amendment immunity. Further amendment

would be futile, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 30th day of October, 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge

4    - ORDER OF DISMISSAL